# IN THE COURT OF APPEALS OF IOWA

No. 15-1240
Filed September 23, 2015

**IN THE INTEREST OF C.L. AND B.L.,**
**Minor Children,**

**C.W., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Colin Witt, District Associate Judge.

The mother appeals the termination of her parental rights to her children, C.L. and B.L. **AFFIRMED.**

Aaron Ginkens of Ginkens Law Firm, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, John Sarcone, County Attorney, and Annie Fox Reynolds, Assistant County Attorney, for appellee State.

Robb Goedicke of Cooper, Goedecke, Reimer & Reese, P.C., West Des Moines, for appellee father.

John Jellineck of the Polk County Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

The mother appeals the termination of her parental rights to her children, C.L. and B.L. She asserts that termination of her parental rights is not in the children's best interests. She further claims the considerations found in Iowa Code section 232.116(3)(a) and (c) (2015)—that is, the parent-child bond and relative placement—should preclude termination. We conclude that due to the mother's long history of substance abuse and mental illness, which renders her unable to care for the children, termination is in the children's best interests; moreover, the considerations found in Iowa Code section 232.116(3) do not preclude termination. Consequently, we affirm the order of the district court terminating the mother's parental rights.

C.L., born February 2007, was first removed from the mother's care in 2009, due to a founded child abuse assessment after the mother drove while under the influence.[1] Following the mother's receipt of services, C.L. was returned to her care nine months later. B.L. was born in November 2011 and both children were removed from the mother's care in 2012, as the mother was continuing to use drugs and could not care for the children. They were returned home after fifteen months.

As part of the underlying child in need of assistance (CINA) case, the children were once again removed on September 17, 2014, and placed with their paternal aunt and uncle, where they remained at the time of the termination proceeding. This removal was due to the mother's use of methamphetamine

---

[1] This resulted in criminal convictions for child endangerment, assault causing injury, and operating while intoxicated.

while caring for the children, as well as concerns of domestic violence between the mother and father in the presence of the children.[2]  Additionally, the mother was charged in October 2014 with criminal trespass.

Since 2009, the mother has been in several different inpatient and outpatient treatment programs for her substance abuse problems.  The mother's last reported use of methamphetamine, marijuana, and alcohol was in the late fall of 2014, after which she entered an inpatient substance abuse treatment program.  She was successfully discharged in January 2015.  As of the time of the termination hearing, she was not in treatment, and reports she has remained sober.  She obtained employment in December 2014, and continued to remain employed as of the date of the termination hearing, but had not secured housing for herself.

In addition to her substance abuse issues, the mother also suffers from bipolar disorder.  She was hospitalized for mental health concerns on September 18, 2014.  As of the time of the termination hearing, she was compliant with her prescribed medications and was participating in a medication-management program.  However, in the past, the mother had struggled with managing her mental health issues and taking her medication as prescribed, which has resulted in her being unable to parent the children.

At the termination hearing, though the Department of Human Services (DHS) worker testified the mother has made progress, she opined that termination was nonetheless in the children's best interests.  She stated:

---

[2] The mother currently has a domestic abuse advocate.  At the termination hearing, she reported she no longer has contact with the father.

> I believe that the kids have been through a lot. And specifically [B.L.], I believe, has had DHS involvement for the better part of his entire life, and [C.L.] close to half, and I believe that they've been disrupted numerous times because of choices that the parents have made, whether it's because of the father's incarceration, or because of mental health and substance abuse related issues that the mother continues to battle. I think they are—they feel safe where they're at with the current custodians.
>
> I believe they—they know that they've resided there before, and so it does, if not feel like a first home, definitely a second home to them. I don't have any reason to believe that the custodians would not be protective of the children.
>
> I do believe that they would continue the parent-child relationship with both parents should the parents be making positive choices and safe choices.

The mother has received the following services since her involvement with DHS in 2009: family safety, risk, and permanency services; supervised visitation; medication management; individual therapy; drug screening; substance abuse treatment; NA/AA meetings; art therapy; behavioral health intervention services; and domestic abuse counseling and advocacy. As of the termination hearing, the mother was not participating in DHS services, though she remained in her medication-management program.

The State petitioned to terminate the mother's parental rights on March 17, 2015. A contested hearing was held on April 29, in which the mother testified. On July 5, 2015, the district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (h) as to B.L., and (i).[3] The mother appeals.

---

[3] The court also terminated the father's parental rights, pursuant to his consent; he does not appeal.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.*

As an initial matter, in her brief the mother contends that the State failed to prove grounds to terminate her rights under paragraph (f). However, this was not a ground on which the district court based its termination order. The mother does not contest the court's termination pursuant to Iowa Code section 232.116(1)(d), (h), or (i), and therefore we affirm on these grounds.

The mother also asserts, without specific facts or supporting argument, that termination is not in the children's best interests, as required by Iowa Code section 232.116(2). We do not agree. The mother has been in receipt of services since 2009, and as of November 2014, she still could not care for the children. Both children have been under the supervision of DHS for the majority of their lives. Though we commend the mother's current progress, "[w]e have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). The mother's history for the past six years reveals a pattern of temporary compliance with services followed by a sharp downturn, leaving the children in upheaval. The children are in dire need of permanency, and, consequently, it is in their best interests the mother's rights be terminated.

The mother further asserts the parent-child bond and relative-placement considerations found in subsection (3) should preclude termination. While the record indicates the mother shares a bond with the children, this consideration

does not preclude termination. As noted above, the mother has demonstrated that she cannot consistently care for the children, regardless of this bond. Rather, she continuously exposed the children to drug use and an unstable environment. Consequently, there is not clear and convincing evidence that "termination would be detrimental . . . due to the closeness of the parent-child relationship." *See* Iowa Code § 232.116(3)(c). Therefore, the parent-child bond does not preclude termination. *See S.R.*, 600 N.W.2d at 64 (noting our primary concern is the children's best interests). Moreover, the children's developmental and emotional improvement since being placed with their aunt and uncle reinforces the benefits of stability and permanency, which is met by terminating the mother's parental rights. There was also evidence that the relatives would allow the mother contact with the children if they deemed it safe to do so. Therefore, we agree with the district court the considerations found in Iowa Code section 232.116(3)(a) and (c) do not preclude termination, and we affirm its order terminating the mother's parental rights.

**AFFIRMED.**